# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

November 29, 2018

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *Cruz, et al. v. Alpine Cleaners Inc., et al*
                 Case No. 17-cv-1509

Dear Judge Gardephe:

      This office represents Plaintiffs Leonel Cruz, Daniel Guerrero and Javier Romero ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim and Kap Kim ("Defendants" and together with Plaintiffs, the "Parties").

      The Parties have agreed to resolve this action on the mutually acceptable terms. The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that they believe that the Agreement is fair, as discussed herein.

**Background**

      Plaintiffs are former employees of the Defendants, who operate a full service dry cleaner/laundromat located at 25 St. James Place, New York, New York, NY 10038 under the name "Alpine Cleaners & Laundromat." Plaintiff Leonel Cruz ("Plaintiff Cruz") was employed by Defendants to press clothes from approximately March 2011 until on or about June 2014. Plaintiff Daniel Guerrero ("Plaintiff Guerrero") was employed by Defendants to dry clean and press clothes from approximately August 2006 until on or about February 18, 2017. Plaintiff Javier Romero ("Plaintiff Romero") was employed by Defendants to iron clothes from approximately May 13, 2013 until on or about February 18, 2017.

      Plaintiffs worked in excess of forty hours per week without being paid the required minimum and overtime compensation required by federal and state laws. Specifically, from approximately March 2011 until on or about June 2011, Plaintiff Cruz worked approximately 48

Hon. Paul G. Gardephe
November 29, 2018
Page 2 of 5

hours per week, and from approximately July 2011 until on or about October 2011, Plaintiff Cruz worked approximately 60 hours per week. During the years 2011 to 2014 Plaintiff Cruz worked between 48 to 63 hours per week. Throughout his employment with Defendants, Plaintiff Cruz was paid his wages in cash. From approximately March 2011 until on or about December 2011, Defendants paid Plaintiff Cruz a fixed salary of $450 per week. From approximately January 2012 until on or about June 2014, Defendants paid Plaintiff Cruz a fixed salary of $470 per week.

From approximately 2011 until on or about 2017, Plaintiff Guerrero worked for Defendants for between 48 to 63 hours per week. Throughout his employment, Defendants paid Plaintiff Guerrero his wages by personal check. From approximately February 2011 until on or about February 2013, Defendants paid Plaintiff Guerrero a fixed salary of $570 per week. From approximately February 2013 until on or about February 2015, Defendants paid Plaintiff Guerrero a fixed salary of $590 per week. From approximately February 2015 until on or about February 2017, Defendants paid Plaintiff Guerrero a fixed salary of $610 per week.

From approximately 2013 until on or about 2017, Plaintiff Romero worked approximately 48 to 63 hours per week. Throughout his employment with Defendants, Plaintiff Romero was paid his wages in cash. From approximately May 2013 until on or about June 2014, Defendants paid Plaintiff Romero a fixed salary of $500 per week. From approximately July 2014 until on or about February 2017, Defendants paid Plaintiff Romero a fixed salary of $520 per week.

Defendants deny Plaintiffs' allegations and assert that Plaintiffs were paid in accordance with the law. In particular, Defendants dispute (1) Plaintiffs' claim that he is owed unpaid wages at the minimum wage rate; and (2) Plaintiffs' claim regarding the number of overtime hours that he supposedly worked without compensation at the overtime rate.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiffs estimate that, in a best case scenario, they would be entitled to approximately $169,348.50 in minimum and overtime base wages ($37,459.50 or 22.1% for Plaintiff Cruz; $84,096.00 or 49.7% for Plaintiff Guerrero; and $47,793.00 or 28.2% for Plaintiff Romero). However, if Defendants were to succeed in proving that Plaintiffs were paid in accordance with the law, they estimate that they would be entitled much less, if anything at all. Defendants for their part assert that they should not be liable to Plaintiffs for any unpaid wages or penalties. Accordingly, the Parties have agreed to resolve this action for the total sum of **$122,000.00**, which will be paid as outlined in **Exhibit A**. Eighty-One Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($81,333.33) of the settlement amount will be paid to the Plaintiffs, in full satisfaction of any wages or penalties owed (22.1% of the sum or $17,974.66 to Plaintiff Cruz; 49.7% or 40,422.66 to Plaintiff Guerrero; and 28.2% or $22,935.99 to Plaintiff Romero).

The remaining Forty-Thousand Six-Hundred and Sixty-Six Dollars ($40,666.67) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The One Hundred and Twenty-Two Thousand Dollars ($122,000.00) that they will be receiving accounts for most of the alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully establish that Plaintiffs were paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues.

### **The Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $40,666.67 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provide that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9

Hon. Paul G. Gardephe
November 29, 2018
Page 4 of 5

(E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial resuly.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Hon. Paul G. Gardephe
November 29, 2018
Page 5 of 5

       Thank you for your consideration in this matter.

                                      Respectfully Submitted,

                                      /s/ Michael Faillace
                                      Michael Faillace, Esq.
                                      Michael Faillace & Associates, P.C.
                                      *Attorneys for Plaintiffs*

cc:     Jonathan Sue, Esq. (via ECF)
         *Attorney for Defendants*