UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONEL CRUZ, DANIEL GUERRERO and JAVIER ROMERO, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>ALPINE CLEANERS INC. (d/b/a ALPINE CLEANERS & LAUNDROMAT), MAN SOO KIM and KAP KIM,<br><br>*Defendants.* | 17-CV-1509-PGG<br><br>SETTLEMENT AGREEMENT AND <u>RELEASE OF CLAIMS</u> |

      This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Leonel Cruz, Daniel Guerrero and Javier Romero (collectively, "Plaintiffs") on the one hand, and Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat) (the "Defendant Corporation"), and Man Soo Kim and Kap Kim (the "Individual Defendants," and together with the Defendant Corporation "Defendants"), on the other hand.

      WHEREAS, Plaintiffs allege that they worked for Defendant Alpine Cleaners, Inc. as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-1509 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective

1

Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of One-Hundred and Twenty-Two Thousand Dollars and Zero Cents ($122,000) (the "Negotiated Settlement Amount") to be paid to Plaintiffs' attorneys, by means of postdated checks to be deposited solely in accordance with the further terms hereof, as follows:

i. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for deposit not earlier than thirty (30) days after court approval of the Agreement and receipt by the Defendants' attorney of a duly execute IRS W-9 from the Plaintiffs' counsel, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the defendants, either collectively or individually, as the case may be.

ii. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than sixty (60) days after court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

iii. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than ninety (90) days after court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

iv. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than one-hundred and twenty (120) days after court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

v. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than one-hundred and fifty (150) days of court approval of the Agreement,

delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

vi. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than one-hundred and eighty (180) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

vii. A check in the amount of Three Thousand Dollars ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than two-hundred and ten (210) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

viii. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than two-hundred and forty (240) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

ix. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than two-hundred and seventy (270) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

x. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for deposit not earlier than three-hundred (300) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

xi. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorney for Plaintiffs," for deposit not earlier than three hundred and thirty (330) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

xii. A check in the amount of Eighty-Three Thousand Dollars and Zero Cents ($83,000.00) made payable to "Law Offices of Jonathan Y. Sue, PLLC," for deposit not earlier than three hundred and sixty (360) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

xiii. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorney for Plaintiffs," for deposit not earlier than three hundred and ninety (390) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the case may be.

xiv. A check in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorney for Plaintiffs," for deposit not earlier than four hundred and twenty (420) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement, whichever is later to occur. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel and Plaintiffs' counsel hereby indemnifies and holds harmless the Defendants, both individually and collectively, for any claims Plaintiffs may make in this regard against the Defendants, either collectively or individually, as the

case may be.

The checks set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165. It is expressly understood and agreed that each of the foregoing checks are postdated and that, prior to the deposit of any of the aforementioned checks, Plaintiffs' counsel will provide not less than three days' notice to the Defendants so as to enable the Defendants to ensure that adequate and good funds are on deposit with the depository institution upon which each of the respective checks are drawn.

The foregoing sums, or any portion thereof, may be prepaid, that is, paid before the due dates referenced above, without penalty, by lawful tender made in such amount either directly to Plaintiffs' counsel directly, or through Defendants' counsel by means of an exchange check drawn on Defendants' counsel's trust account. In the event of such pre-payment, all previously remitted and undeposited post-dated checks shall be immediately returned to the Defendants.

2. The Court shall dismiss this Litigation with prejudice, in the form set forth in Exhibit A to this Agreement.

3. (a) In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4. Failure to Pay: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Upon full payment of the settlement amounts, the Confessions of Judgment shall be promptly returned.

5.  Releases

(a) **Release by Plaintiffs.** Plaintiffs are deemed not to be employees of the Defendants. Each Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents of and from any and all claims, actions, causes of action, demands, costs and expenses for damages and claims, known and unknown, accrued or unaccrued which such Plaintiff, his heirs, executors, administrators, successors and assigns have had or may have against Defendants for any reason whatsover, including, but not limited to, any claim or any alleged violation of: Any federal, state or local human rights, civil rights, wage and hour, employment or labor law, regulation or ordinance, any federal, state or local unlawful discrimination, harassment, retaliation and wrongful termination law, regulation or ordinance; The National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Equal Pay Act; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Vocational Rehabilitation Act of 1973; as amended; The Age Discrimination in Employment Act of 1967, as amended; The Fair Labor Standards Act, as amended; The Older Workers Benefits Protection Act, as amended; The Occupational Safety and Health Act, as amended; The Federal Family Medical Leave Act; as amended; The Consolidated Budget Reconciliation Act; as amended; The Fair Credit Reporting Act; The Sarbanes Oxley Act; Any breach of contract or breach of fiduciary duty or fraud; Any express or implied employment or other agreement with Defendants (although the Parties understand and agree that no such agreements exist); Any claims for loss of income, loss of benefits, compensatory damages, punitive damages or liquidated damages and any claim for costs, fees, or other expenses, including attorneys' fees. Nothing herein contained shall constitute a release by such Plaintiff of any claims as to which the law prohibits a release.

5.  No Admission of Wrongdoing:  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.  Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7.  Acknowledgment:  Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.  Notices:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com


To Defendants:

Jonathan Sue, Esq.
Law Offices of Jonathan Y. Sue, PLLC
303 Fifth Avenue, Suite 1302
New York, NY 10016
Tel:    (212) 967-1001
Email: js@jyspllc.com and dp@jyspllc.com


9.    <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.    <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.

Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

13. <u>No Assignment</u>: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

14. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the parties. In the event of such modification, no further court approval of this agreement shall be required.

17. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence,

8

duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Mutual Non-Disparagement</u>: The Parties hereto agree not to disparage each other.

23. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>Plaintiffs</u>:

By: _Leonel Cruz V._  Witness:_____
LEONEL CRUZ  Print Name:_____

By: _[signature]_  Witness:_____
DANIEL GUERRERO  Print Name:_____

By: _[signature]_  Witness:_____
JAVIER ROMERO  Print Name:_____

<u>Defendants</u>:

ALPINE CLEANERS INC. (d/b/a ALPINE CLEANERS & LAUNDROMAT)

By: _[signature]_

Print Name: <u>MAN SOO KIM</u>

Title: <u>President</u>

_[signature]_  Witness:_____
MAN SOO KIM  Print Name:_____

_[signature]_  Witness:_____
KAP KIM  Print Name:_____

9

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

LEONEL CRUZ, DANIEL GUERRERO and
JAVIER ROMERO, *individually and on behalf of
others similarly situated*,

        *Plaintiffs*,

        -against-

ALPINE CLEANERS INC. (d/b/a ALPINE
CLEANERS & LAUNDROMAT), MAN SOO KIM,
and KAP KIM,

        *Defendants.*

-----------------------------------------------------------------X

        AFFIDAVIT OF
        CONFESSION
        <u>OF JUDGMENT</u>

STATE OF ~~NEW YORK~~ New Jersey  )
                              ) ss.
COUNTY OF Bergen       )

Man Soo Kim, being duly sworn, deposes and says:

1. I reside in Edgewater, New Jersey

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim, and Kap Kim (collectively, "Defendants") are to submit a total sum of One Hundred and Twenty-Two Thousand Dollars and Zero Cents ($122,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Leonel Cruz, Daniel Guerrero and Javier Romero (collectively, "Plaintiffs") and Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim and Kap Kim (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $122,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Man Soo Kim.

_____
MAN SOO KIM

Sworn before me this
27 day of November of 2018

_____
Notary Public

JUHIE CHI
Notary Public - State of New Jersey
My Commission Expires Jul 20, 2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-----------------------------------------------------------X

LEONEL CRUZ, DANIEL GUERRERO and
JAVIER ROMERO, *individually and on behalf of
others similarly situated,*

               *Plaintiffs,*

-against-

ALPINE CLEANERS INC. (d/b/a ALPINE
CLEANERS & LAUNDROMAT), MAN SOO KIM,
and KAP KIM,

               *Defendants.*
-----------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF ~~NEW YORK~~ New Jersey  )
                                 ) ss.
COUNTY OF _Bergen_       )

Kap Kim, being duly sworn, deposes and says:

1. I reside in _Edgewater,_ New Jersey

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim, and Kap Kim (collectively, "Defendants") are to submit a total sum of One Hundred and Twenty-Two Thousand Dollars and Zero Cents ($122,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Leonel Cruz, Daniel Guerrero and Javier Romero (collectively, "Plaintiffs") and Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim and Kap Kim (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $122,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Kap Kim.

                                                    */s/ Kap Kim*
                                                  KAP KIM

Sworn before me this
27 day of November of 2018

*/s/ Notary Public*
Notary Public

JUHIE CHI
Notary Public - State of New Jersey
My Commission Expires Jul 20, 2021

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
LEONEL CRUZ, DANIEL GUERRERO and
JAVIER ROMERO, *individually and on behalf of
others similarly situated,*

                *Plaintiffs,*　　　　　　　　　　AFFIDAVIT OF
　　　　　　　　　　　　　　　　　　　　　　　　　CONFESSION
                -against-　　　　　　　　　　　OF JUDGMENT

ALPINE CLEANERS INC. (d/b/a ALPINE
CLEANERS & LAUNDROMAT), MAN SOO KIM,
and KAP KIM,

                *Defendants.*
-----------------------------------------------------------------X

STATE OF ~~NEW YORK~~ *New Jersey*　）
　　　　　　　　　　　　　　　　） ss.
COUNTY OF *Bergen*　　　　　）

Man Soo Kim _____, being duly sworn, deposes and says:

1. I reside in *Edgewater,* New Jersey

2. I am an owner of Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat). I am duly authorized to make this affidavit of confession of judgment on behalf of Alpine Cleaners Inc.

3. Alpine Cleaners Inc. maintains its principal place of business at 25 St. James Place, New York, NY 10038.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim and Kap Kim are to submit a total sum of One-Hundred and Twenty-Two Thousand Dollars and Zero Cents ($122,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Leonel Cruz, Daniel Guerrero and Javier Romero (collectively, "Plaintiffs") and Alpine Cleaners Inc. (d/b/a Alpine Cleaners & Laundromat), Man Soo Kim and Kap Kim (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against

14

Alpine Cleaners Inc. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $122,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Alpine Cleaners Inc.

Alpine Cleaners Inc.
By: Man Soo Kim, President

Sworn before me this
27 day of November of 2018

Notary Public

JUHIE CHI
Notary Public - State of New Jersey
My Commission Expires Jul 20, 2021